# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-60312
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
December 12, 2023

Lyle W. Cayce
Clerk

Geronimo Maximiliano Hernandez-Perez; Astrid Maribel Hernandez-Fuentes; Leidi Karla Hernandez-Fuentes; Kerlin Maribel Hernandez-Fuentes,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A206 630 326,
A206 630 327, A206 630 328,
A206 630 329

———————————————————————

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Geronimo Maximiliano Hernandez-Perez and three of his children petition for review of the Board of Immigration Appeals' (BIA) decision

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

affirming the denial of:  asylum; withholding of removal; and protection under the Convention Against Torture (CAT).  Petitioners are natives and citizens of Guatemala, and the children were derivatives on Hernandez' application for relief.

Our court reviews the BIA's decision and considers the immigration judge's decision only to the extent it influenced the BIA.  *See, e.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (explaining review standard).  The BIA concluded Hernandez waived the issue of humanitarian asylum because he did not meaningfully contest it before the BIA.  Although Hernandez now contends he is entitled to humanitarian asylum, he forfeits the contention because he does not brief any challenge to the BIA's waiver ruling.  *See e.g.*, *Jaco v. Garland*, 24 F.4th 395, 401 n.1 (5th Cir. 2021) (explaining unbriefed issues are forfeited).  Neither did Hernandez brief any challenge to the denial of protection under the CAT, forfeiting that issue as well.  *See id.*

To the extent Hernandez challenges the asylum and withholding-of-removal rulings, his challenges are unavailing.  The BIA's factual determination that an individual is not eligible for asylum or withholding of removal is reviewed under the substantial-evidence standard.  *E.g.*, *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693 (5th Cir. 2023) (outlining standard of review).  Under that standard, "reversal is improper unless the evidence not only supports a contrary conclusion but compels it".  *Id.*

To be eligible for asylum, Hernandez was required to show his "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting" him.  8 U.S.C. § 1158(b)(1)(B)(i).  Hernandez alleges persecution on account of his proposed social group, "Guatemalan homeless, destitute persons without government assistance".  Specifically, he contends Guatemala's lack of a

social-welfare net for homeless individuals in his circumstances, a destitute widower with five children to house and care for, amounts to economic persecution. Although economic injury can constitute persecution in some circumstances, the persecutor must inflict the harm with the intent of targeting the applicant. *E.g.*, *Martinez-Lopez v. Barr*, 943 F.3d 766, 771 (5th Cir. 2019) (outlining intent requirement). The evidence does not compel this conclusion. *See id.* (finding no past persecution without intent); *see also Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020) (recognizing fear of general civil disorder is not sufficient to support fear of future persecution). Because Hernandez has failed to demonstrate eligibility for asylum, he has also failed to satisfy his higher burden for withholding of removal. *See e.g.*, *Munoz-Granados*, 958 F.3d at 408 ("[O]ne who fails to show entitlement to asylum fails to show entitlement to withholding of removal".).

DENIED.